IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN MONROE WASHINGTON,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE MCDONALD, Warden,<br><br>    Respondent. | No. C 11-4050 WHA (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED<br>IN FORMA PAUPERIS**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

## STATEMENT

In 2000, petitioner was convicted in Santa Clara County Superior Court of committing willful corporal injury on a spouse or cohabitant, making criminal threats, and resisting arrest in a manner that results in death or serious injury to a peace officer. Based upon these convictions and prior "strike" convictions, the trial court sentenced petitioner under California's "Three Strikes" laws to a term of 50-years-to-life in state prison. The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. Thereafter, petitioner filed petitions in all three levels of the California courts, and all of the petitions were denied. The instant federal petition followed.

//

# ANALYSIS

## A. STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## B. LEGAL CLAIMS

As grounds for federal habeas relief, petitioner claims: (1) petitioner's prior convictions do not qualify as "strikes" within the meaning of California's "Three Strikes" law; (2) California law at the time of the prior offense establishes that he does not have a prior "serious felony" conviction that would qualify as a "strike;" (3) under California law, state law at the time of the prior offense governs whether the prior conviction qualifies as a "strike;" and (4) his sentence violates both the state and federal constitutions.

The first three claims, all closely related, do not state a cognizable claim for federal habeas relief because they all assert a violation of state law. Federal habeas relief is only available based on the violation of federal law, and such relief cannot be granted based on a violation of state law. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011). Consequently, the first three claims will be dismissed.

Petitioner's fourth claim, when liberally construed, is cognizable.

2

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//
//

5. Petitioner's motion for leave to proceed in forma pauperis (docket number 3) is **GRANTED** in light of his lack of funds.

**IT IS SO ORDERED.**

Dated: August   29  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\WASHINGTON4050.OSC.wpd

United States District Court
For the Northern District of California